Daniel J. Weintraub - Bar #132111
James R. Selth - Bar #123420
Elaine V. Nguyen – Bar #256432
**WEINTRAUB & SELTH, APC**
**11766 Wilshire Boulevard, Suite 1170**
**Los Angeles, CA 90025**
Telephone: (310) 207-1494
Facsimile: (310) 442-0660
Email: Elaine@wsrlaw.net

[Proposed] Attorneys for Debtor
and Debtor-In-Possession, RADIOLOGY SUPPORT DEVICES, INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>RADIOLOGY SUPPORT DEVICES, INC.<br><br>    Debtor and Debtor-in-Possession. | ) Case No. 2:17-bk-12054-ER<br>)<br>) Chapter 11<br>)<br>) **DEBTOR'S _EMERGENCY_ MOTION FOR**<br>) **ORDER AUTHORIZING USE OF CASH**<br>) **COLLATERAL THROUGH APRIL 7, 2017;**<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES; DECLARATION OF**<br>) **MATTHEW ALDERSON AND BETTE**<br>) **HIRAMATSU IN SUPPORT THEREOF**<br>)<br>) **[Local Bankr. R. 9075-1(a)]**<br>)<br>) Date:   [TO BE SET]<br>) Time:   [TO BE SET]<br>) Place: Courtroom 1568<br>)        255 E. Temple St.<br>)        Los Angeles, CA<br>)<br>)<br>)<br>)<br>) |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY**

**JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, SECURED CREDITORS,**

**AND ALL PARTIES IN INTEREST:**

Radiology Support Devices, Inc., a California corporation and the debtor and debtor in possession herein ("Debtor" or "RSD"), hereby moves the Court ("Motion") on an emergency basis for an order:

1. Authorizing the Debtor to use cash on hand and the revenue received from the Debtor's continuing business operations to pay critical and necessary expenses associated with the Debtor's day to day, ordinary course business operations as outlined in the budget ("Budget") attached to the *Declaration of Bette Hiramatsu* ("Hiramatsu Declaration") as **Exhibit "1"**, which is incorporated herein by this reference.

2. Authorizing the Debtor to make the expenditures provided for in the Budget and, if necessary, to exceed the amounts set forth in the Budget by 15% of the budget total provided that, if the Debtor's revenues increase above the projections in Debtor's operating budget, then the Debtor's expenditures may increase in proportion to the increase in actual revenues from budgeted revenues.

3. Granting Citibank, N.A. ("Citibank"), Wells Fargo Bank ("WFB"), Clay Lorinksy ("Lorinsky") and the Internal Revenue Service ("IRS", hereinafter collectively with Citibank, WFB, and Lorinksy shall be referred to as the "Secured Creditors"), a replacement lien in the Debtor's post-petition cash and accounts receivable and the proceeds thereof, to the same extent, validity, and priority of each respective creditor's lien as of the Petition Date.

This Motion is made pursuant to 11 U.S.C. §363 and in accordance with Local Bankruptcy Rules 4001-2 and 9075-1(a), on the grounds that:

(a) the payment of such expenses is critical to maintain the going concern value of the Debtor;

2

(b) The payment of such expenses and continuation of such operations provides adequate

protection of the interests, if any, of the Secured Creditors in Debtor's cash collateral;

and

(c)  The replacement lien offered by the Debtor provides further adequate protection of

the interests, if any, of such Secured Creditors in the cash collateral.

In the event the Debtor is not granted authority to use cash collateral on an emergency

basis as prayed for herein, the Debtor will be forced to immediately cease operations, lay off its

workers, close its doors and liquidate its assets, which will crater the value of the Debtor's

business, resulting in a massive loss for Secured Creditors and no value to be provided to the

general unsecured creditors of the estate.  The Debtor's use of cash collateral as proposed herein

is to pay only the necessary and critical business expenses needed to maintain the going-concern

value of the business to the benefit of all creditors.

This Motion is based on the moving papers, on the appended Memorandum of Points and

Authorities, the *Declaration of Matthew Alderson* and *Declaration of Bette Hiramatsu* in support

thereof, and on such other evidence as may be presented to the Court prior to or at the hearing on

this Motion.

Dated: February 21, 2017                     WEINTRAUB & SELTH, APC

                                             By:      /s/ Elaine V. Nguyen
                                                      Daniel J. Weintraub
                                                      James R. Selth
                                                      Elaine V. Nguyen
                                                      [Proposed] Counsel for
                                                      Debtor and Debtor-In-Possession
                                                      RADIOLOGY SUPPORT DEVICES, INC.

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A.  Overview

On February 21, 2017 ("Petition Date"), Radiology Support Devices, Inc. ("RSD" or "Debtor"), commenced the instant bankruptcy case ("Case") by filing an emergency petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* ("Bankruptcy Code").  RSD filed this Case in order to restructure its financial affairs and confirm a plan providing for the repayment of the allowed claims of its creditors over time in accordance with the provisions of the Bankruptcy Code.  The Debtor generates enough revenue from its operations to pay creditor claims, but needs the relief and restructuring afforded by the Code in order to do so.

The Debtor continues its business operations as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  By this Motion the Debtor requests authority to use cash on hand and the revenue received from the Debtor's continuing business operations to pay critical and necessary expenses associated with the Debtor's day to day, ordinary course business operations as outlined in the budget ("Budget") attached to the Hiramatsu Declaration as **Exhibit 1**, which is incorporated herein by this reference.

The Debtor's accounts receivables are projected to increase from $43,465 to $73,015 during the budget period.  Attached to the Hiramatsu Declaration as **Exhibit 2** is the projected accounts receivable during the budget period.  Furthermore, the Debtor's cash balance is expected to increase from $1,400 to $57,383 during the budget period.

Because there will not be any diminution in the value of the collateral during the budget period and Debtor's significant going concern value will be preserved, the Secured Creditors are

adequately protected under the meaning of Section 361 of the Bankruptcy Code by Debtor's

ongoing business operations and the provision of replacement liens.

### B. History and Management of the Debtor

As set forth in the Declaration of Matthew Alderson ("Alderson Declaration"), RSD was

incorporated in 1988 by Samuel Alderson; the company develops and manufactures human

"phantoms" (a medical term for a dummy), which are used to test and calibrate x-ray equipment

and to test radiation cancer treatments by measuring the dose that would be delivered to a

patient, as determined in a corresponding phantom.  The Alderson RANDO phantom, and its

successor the Alderson ART phantom, have become worldwide standards and are used in

radiation therapy clinics.

RSD also manufactures the "PIXY", which is virtually an American standard for training

radiologic technologists in taking x-rays.  Matthew Alderson is the company's President.  The

company was founded by Mr. Alderson's grandfather, Samuel Alderson.  RSD sells its products

to university, hospitals, waste management centers, oncology centers, and schools around the

world.

Currently, RSD has an office and manufacturing facility in Long Beach.  RSD has 16

employees consisting of an office manager, Matthew Alderson, and 14 production employees.

### C. Precipitation of Bankruptcy Filing

In 2005, Samuel Alderson died and left the company in a trust to his sons and

grandchildren.  Litigation over ownership of RSD between Matthew Alderson and his uncle

("Uncle") ensued over ownership of RSD, which resulted in RSD paying a settlement of

$500,000 plus legal fees to Uncle in 2010.

During this time, RSD's longtime controller and CFO Velle Eason very suddenly passed

away from Cruetzfeldt-Jacob disease.  RSD hired a new CFO, Drake Turner who stole and

embezzled from the company and was negligent and did not provide Wells Fargo with the

financial documents requested by the bank, all of which caused significant damage to the company and its operations.  On September 22, 2015, RSD filed a lawsuit against Drake Turner in the Los Angeles Superior Court of California Case No. NCO60292, titled *Radiology Support Devices, Inc. and Matthew Alderson v. Drake Turner* for malpractice, fraud, negligence, and breach of oral and written contract.  The case is currently pending.

Subsequently, in 2016, two employees left RSD and stole proprietary company molds and raw materials and tried to start their own business manufacturing and selling their own phantoms.  The molds, hand tools and raw materials are critical for the manufacturing of the phantoms.  The theft of these items in early 2016 caused such a grave disruption to the business such that in April 2016 sales fell to less than $9,000.  The molds, tools and raw materials were returned to the Debtor in the summer of 2016.  Nevertheless, the impact of this theft caused sales to plummet by $1 million (a 46.7% decrease) from $2.2 million in 2015 to $1.2 million in 2016.

These events caused RSD to fall behind on its debt service to WFB, who in turn commenced collection activities against RSD and Matthew Alderson, obtaining a judgment and levying $13,013.69 from RSD's bank accounts.  After it was unable to settle with WFB, RSD filed the instant case in order to halt WFB's collection activities, reorganize its financial affairs and provide for creditor claims over time under a plan of reorganization which it expects to file very shortly.

**D.  Use of Cash Collateral And Adequate Protection of Creditors**

The Debtor has retained Ms. Hiramatsu, an experienced turnaround expert and with her guidance, has isolated the critical expenses which need to be paid in the next forty-five (45) days, all of which are specifically detailed in the Budget attached to the Hiramatsu Declaration. These expenses include but are not limited to employee payroll and payroll taxes, rent, utilities, materials, payments to vendors, and equipment leases.  The Budget shows that the Debtor

generates positive earnings.  Debtor's cash pool and cash flow is projected to remain stable

through Debtor's post-petition operations.

As of the Petition Date, the book value of the Debtor's assets are as follows:

- **Cash on hand**: $1,400

- **Accounts receivable**: $43,465

- **Inventory--Raw Materials**: $20,000

- **Inventory—Finished Goods**: None. All product is made to order

- **Trade Secrets/ Intellectual Property**: unknown.

In March 2016, the Debtor received an offer in the amount of $2,100,000.00 to purchase

the company as a going concern.  This offer recently fell through.

The following creditors assert an interest in "cash collateral" as defined in Section

363(a):

- **Citibank N.A. ("Citibank")**.  In 2008 Citibank made loans and advances to the

Debtor ("Citibank Loan").  As of the Petition Date, the amounts due under the

Citibank Loan had an unpaid principal balance of approximately $90,061.25.

Citibank asserts that the amounts due under the Citibank Loan are secured by a

perfected blanket lien on all or substantially all the Debtor's assets by the loan

documents and a UCC-1 Financing Statement filed on November 5, 2008, as

Document No. 08-7177587545.

- **Wells Fargo Bank, N.A.  ("WFB")**.  In 2009, WFB made loans and advances to the

Debtor ("WFB Loan").  As of the Petition Date, the amounts due under the WFB

Loan had an unpaid principal balance of approximately $323,636.08.  WFB asserts

that the amounts due under the WFB Loan are secured by a blanket lien on all or

substantially all the Debtor's assets by the loan documents and a UCC-1 Financing

Statement filed on November 20, 2009 as Document No. 09-7214838507.

- **Clay Lorinksy ("Lorinsky")**.  In the fall of 2016, Mr. Lorinksy loaned the Debtor funds for the specific purpose of purchasing inventory and raw materials ("Lorinksy Loan").  As of the Petition Date, the amounts due under the Lorinksy Loan is $50,000.00.  Lorinsky asserts the amounts due under the Lorinsky Loan are secured by a UCC-1 Financing Statement filed on December 7, 2016 as Document No. 16-7560050949.

- **Internal Revenue Service ("IRS").**  On April 22, 2016, the IRS filed a "Notice of Federal Tax Lien against the Debtor for unpaid taxes in the amount of $35,774.79.

Attached hereto as **Exhibit 3** to the Alderson Declaration is a list of the UCC-1 financing statements filed against the Debtor.  The Debtor is in the process of investigating the extent, validity, priority and perfection of the security interests of the Secured Creditors.  Accordingly, the Debtor reserves all rights with respect thereto, and nothing contained herein or in any filing in connection with this Motion should be construed as an admission with respect to the extent, validity, priority and perfection of any creditor's security interest.

The Debtor proposes to grant replacement liens to the Secured Creditors in the Debtor's post-petition cash and accounts receivable and the proceeds thereof to the secured creditors, on a dollar for dollar basis, to the same extent, validity, and priority of each respective creditor's lien as of the Petition Date, to the extent that cash collateral is used.

Without authorization to use cash collateral, the Debtor has no other source of income with which pay the operating expenses and will be forced to cease operations and shut down.  All of the Budget expenses are necessary to preserve the going-concern value of the business for the benefit of the estate and the estate's creditors.

//

//

8

## II.

## DEBTOR'S USE OF CASH COLLATERAL

## AND NEED FOR EMERGENCY RELIEF

The Debtor requests interim use of Cash Collateral as proposed in the Budget, and for authorization to exceed the amounts set forth in the Budget by no more than 15% of the budget total.  Any expenditures in excess of this authorization will require authorization from the Court or the written approval from the Secured Creditors asserting an interest in the Cash Collateral. However, if the Debtor's revenues increase then the Debtor's expenditures may exceed the amount of expenditures set forth in the Budget in proportion to the increase in actual revenues from budgeted revenues.  Any Budget savings may be carried over for use by the Debtor in subsequent periods.

The Budget is intended to provide sufficient working capital for the Debtor's operations so that the Debtor can reorganize its financial affairs and file a Chapter 11 Plan.  In order to preserve the bankruptcy estate, the Debtor urgently requires that it be allowed to pay its ordinary and necessary business expenses as outlined in the Budget.

Emergency relief is appropriate.  Section 363(c)(3) of the Bankruptcy Code states that a hearing on cash collateral "may be a preliminary hearing… but shall be scheduled in accordance with the needs of the debtor".  See 11 U.S.C. §363(c)(3).  Local Bankruptcy Rule 2081-1(a)(9) provides that a motion for emergency use of cash collateral may be heard either as an emergency motion or on shortened time.  See L.B.R. 2081-1(a)(9).  Further, courts have recognized that emergency relief on the use of cash collateral is necessary after a bankruptcy case is filed.  The Ninth Circuit in In re Center Wholesale Inc., 759 F.2d 1440,1449 n.21 (9th Cir. 1985) recognized that cash collateral was crucial to the success of a successful reorganization:

We realize that "in certain circumstances, the entire reorganization effort may be thwarted If emergency relief is withheld" and that reorganization under the Bankruptcy Code "is a perilous process seldom more so than at the outset of the proceedings when the debtor is often without sufficient cash flow to fund essential business operations."

In re Center Wholesale Inc., 759 F.2d 1440,1449 n.21 (9th Cir. 1985).

Accordingly, the Bankruptcy Code and the Local Bankruptcy Rules authorize emergency hearings on the issue of cash collateral.

Here, emergency use of cash collateral is necessary to prevent immediate and irreparable harm to the Debtor, the estate and its creditors. Absent such use, the Debtor will have no funds from which to conduct its operations, and will be forced to permanently discontinue its business to the detriment of all its creditors. Any disruption in the Debtor's business operations will affect the Debtor's ability to sell its product and very likely damage the Debtor's reputation and ability to generate the revenue needed to pay creditor claims.

In short, without the relief requested, the Debtor will not be able to operate.

## III.

## SECTION 363 OF THE BANKRUPTCY CODE AUTHORIZES

## THE DEBTOR'S USE OF CASH COLLATERAL

To the extent that Citibank, WFB, Lorinsky and IRS have a perfected security interest in the Debtor's cash, the accounts receivables and in the proceeds thereof (collectively, the "Accounts"), the Accounts constitute "cash collateral" under Section 363(a) of the Bankruptcy Code. Section 363(c)(2) establishes a special requirement with respect to cash collateral, providing that the trustee or debtor in possession may not use cash collateral under subsection (c)(1) unless:

A. Each entity that has an interest in the cash collateral consents; or
B. The Court determines, after notice and a hearing, that the interest of all parties claiming an interest in the cash collateral are adequately protected.

11 U.S.C. §363(c)(2)

10

As of the filing of this Motion, the Debtor has not obtained the consent of the Secured Creditors to use cash collateral.  Therefore, pursuant to Section 363(c)(2)(B), Court authorization is required.

Authorization to use cash collateral to pay ordinary and necessary business expenses is appropriate and in the best interest of this estate as it permits the Debtor and opportunity to reorganize its financial affairs.  There is no prejudice the Secured Creditors whose interests are adequately protected by Debtor's continued operations.

## IV.

## **PROPOSED ADEQUATELY PROTECTION**

Section 361 of the Bankruptcy Code Provides that:

[W]hen adequate protection is required ... of an interest of an entity in property, such adequate protection may be provided by –

(1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the ... use ... under Section 363 of this title ... results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such ... use ... results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief ... as will result in the realization by such entity of the indubitable equivalent in such entity's interest in such property.

11 U.S.C. § 361.

Neither Section 361, nor any other provision of the Bankruptcy Code defines the nature and extent of the "interest in property" in which a secured creditor is entitled to adequate protection under Section 361.  However, the statute plainly provides that a qualifying interest demands protection only to the extent that the use of the creditor's collateral will result in a decrease in "the value of such entity's interest in such property."  11 U.S.C. § 361.  See also

Gen. Elec. Mortgage Corp. v. S. Vill, Inc. (In re S. Vill., Inc.), 25 B.R. 987, 989-90 & N.4

(Bankr. D. Utah 1982).

The phrase "value of such entity's interest," although not defined in the Bankruptcy

Code, was addressed by the Supreme Court in the landmark decision, United Sav. Ass'n of Tex.

V. Timbers of Inwood Forest Assoc. Ltd., 484 U.S. 365 (1988).  For the meaning of "value of

such entity's interest," the Supreme Court was guided by Section 506(a), which defines a

creditor's allowed secured claim:

> The phrase "value of such creditor's interest" in §506(a) means "the value of collateral."
> H.R. Rep. No. 950-595, pp. 181, 356 (1977); see also S. Rep. No. 95-989, p. 68 (1978),
> U.S. Code Cong. & Admin. News, 1978 pp. 5787, 5854, 6141, 6312.  We think the
> phrase "value of such entity's interest" in §361(1) and (2), when applied to secured
> creditors, means the same.

Id. at 630.

Timbers teaches that a secured creditor is entitled to "adequate protection" only against

diminution in the value of the collateral securing the creditor's allowed secured claim.  Under

Timbers, therefore, where the "value of the collateral" is not diminishing by its use, sale or lease,

the creditor's interest is adequately protected.  This conclusion flows directly from the

equivalency of "value of such entity's interest" with "value of the collateral."

The entitlement to and measure of protection required is therefore determined by the

extent of the anticipated or actual decrease, if any, in the value of the secured creditor's collateral

during the course of the bankruptcy case.  See In re First S. Sav. Ass'n, 850 F.2d 700, 710 (5th

Cir. 1987); In re Mellor, 734 F.2d 1396, 1400 (9th Cir. 1984).  Said another way, it is "intended

by the Bankruptcy Code only to assure that a secured creditor, during the pendency of a

bankruptcy case, does not suffer a loss in the value of its interest in property of the bankruptcy

estate."  In re McCombs Properties VI, Ltd., 88 B.R. 261 (Bankr. C.D. Cal. 1988).

**A.   The Assets Securing the Claims of the Secured Creditors Will Not Decrease
in Value during the Pendency of the Chapter 11 Case**

12

The Debtor's accounts receivable are projected to increase from $43,465 to $73,015 during the budget period.  Debtor's accounts receivables have a 90% realization rate as these are long term customers, universities and hospitals.

Furthermore, the Debtor's cash balance is expected to increase from $1,400 to $57,383 during this period due to the pre-filing restructuring work completed by the Debtor.

Because there will not be any diminution in the value of the collateral during the budget period (in fact, Debtor projects an increase), said creditors are adequately protected under the meaning of Section 361 of the Bankruptcy Code by Debtor's ongoing business operations and the provision of replacement liens.

### B.    Use of Cash Collateral Will Preserve the Debtor's Going Concern Value to the Benefit of Secured Creditors

Further, the continued operation of the Debtor's business will preserve the Debtor's going-concern value, enable the Debtor to capitalize on that value through a reorganization, and ultimately enable the Debtor to confirm a chapter 11 plan.  However, if the Debtor is not allowed to use Cash Collateral, the Debtor's operations and revenues will cease and the Debtor's business will immediately deteriorate in value to the detriment of the Secured Creditors.  Here, without funds to pay operating expenses the Debtor will have to close its doors.

It is well established that a bankruptcy court, where possible, should resolve issues in favor of preserving the business of the debtor as a going concern.  As stated by the Eleventh Circuit:

> A debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use "cash collateral" in its effort to rebuild.  Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities, etc., the congressional policy favoring rehabilitation over economic failure would be frustrated.

Chrysler Creditor Com. v. Ruggiere (In re George Ruggiere Chrysler-Plymouth, Inc.), 727 F.2d 1017, 1019 (11th Cir. 1984); see also Northwest Airlines Com. v. Ass'n of Flight Attendants-CW

A (In re Northwest Airlines Com.), 349 B.R. 338, 380 (S.D.N.Y. 2006) ("The Bankruptcy Code

embodies a strong policy in favor of reorganization").

Courts regularly authorize the use of cash collateral to enhance or preserve the debtor's

going concern value.  For example, in Stein v. United States Farmers Home Administration (In

re Stein), 19 B.R. 458, 460 (Bankr. E.D. Pa. 1982), the court allowed a debtor to use cash

collateral where the secured party was undersecured, finding that the use of cash collateral was

necessary to the debtor's continued operations, and that the creditor's "secured position can only

be enhanced by the continued operation of the [debtor's business]."

In the case of Mbank Dalls, N.A. v. O'Connor (In re O'Connor), 808 F.2d 1393 (10th Cir.

1987), the court eloquently summarized the foregoing principle as follows:

> Because the ultimate benefit to be achieved by a successful reorganization inures to all
> the creditors of the estate, a fair opportunity must be given to the Debtor to achieve that
> end.  Thus while interests of the secured creditor . . .  are of concern to the court, the
> interests of all other creditors also have bearing upon the question of whether use of cash
> collateral shall be permitted during the early stages of administration.
>
> The first effort of the Court must be to insure the value of the collateral will be preserved.
> Yet prior to confirmation for a plan of reorganization, the test of that protection is not by
> the same measurements applied to treatment of a secured creditor in a proposed plan.  In
> order to encourage the Debtor's efforts in the formative period prior to proposal of a
> reorganization, the court must be flexible in apply the adequate protection standard.

Id. at 1397-98.

This sentiment is echoed in other cases.  In the case of In re Shockeley Forest Industries,

Inc., 5 B.R. 160, 162 (Bankr. N.D. Ga. 1980), the Bankruptcy court held "Chapter 11 is designed

for the purpose of preventing dissolution of an otherwise viable corporation.  A court should not

precipitously sound the death knell for a debtor by prematurely determining that the Debtor's

prospects for economic revival are poor.  At this time the Court has no basis on which to

conclude the debtor cannot be rehabilitated."

The Debtor's ability to maintain business relationships with sales representatives with hospitals and colleges, and the Debtor's ability to meet payroll and other critical operations expenses is essential to the continuation of the Debtor's business as a going concern.  Indeed, absent use of Cash Collateral, the Debtor's business will be brought to an immediate halt, with disastrous consequences for the Debtor, the estate, the employees and all the Debtor's creditors. Far from being diminished, Secured Creditors, therefore, can only be enhanced by the Debtor's use of Cash Collateral and the concomitant continued operation of the Debtor's business.  See In re Dynaco Corp., 162 B.R. 389, 395-96 (Bankr. D.N.H. 1983) (finding that the alternative to the Debtor's use of cash collateral, termination of its business, would doom reorganization and any chance to maximize value for creditors).  As set forth in the Budget, Debtor anticipates that it will continue to earn profits.  Thus, the creditors' interests are adequately protected.

## C.    The Replacement Liens Adequately Secured Creditors

While the Debtor contends that Secured Creditors are adequately protected by the Debtor's continued operations of the business, as further adequate protection against the post-petition decrease in the value of pre-petition collateral, if any, the Debtor agrees to grant the Secured Creditors a replacement lien and security interest against the Debtor's post-petition assets as well as the proceeds and products thereof.  However, replacement lien shall only be valid and enforceable to the same extent, against the same type of property and in the same priority as the security interest and liens that Citibank, WFB, Lorinsky and the IRS enjoyed immediately prior to the Petition Date and only on a dollar for dollar basis of cash collateral actually expended.  The replacement lien shall be recognized only to the extent of the post-petition diminution in value of the Secured Creditor's pre-petition collateral resulting from the Debtor's use of the cash collateral during this Chapter 11 case.  The replacement lien shall not attach to claims, rights and causes of action arising under Title 5 of the Bankruptcy Code.

15

The Bankruptcy Code expressly provides that granting additional or replacement liens is a means of adequate protection. 11 U.S.C. § 361(2). See In re Center Wholesale, Inc., 759 F.2d 1440, 1450 (9th Cir. 1985) (observing that a lien on additional property of the debtor would likely constitute adequate protection for the secured creditor); In re Musicland Holding Cord., 362 B.R. 644, 648 (Bankr. S.D.N.Y. 2007) (finding that a replacement lien on the estate's post-petition assets would qualify as adequate protection and thus permit the debtor to use the cash collateral).

## V.

## COMPLIANCE WITH RULE 4001 OF THE

## FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 4001-1(c)

Pursuant to Rule 4001(c)(1)(B) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Rule 4001-2(a), the Debtor submits that the relief requested pertaining to the use of cash collateral does not contain any of the following provisions:

| Provision | |
|---|---|
| Cross-collateralization clauses, i.e., clauses that secure pre-petition debt by post-petition assets in which the secured party would not otherwise have a security interest by virtue of its pre-petition security agreement. See 11 U.S.C. § 552. | No |
| Provisions or findings of fact that bind the estate or all parties-in-interest with respect to the validity, perfection, or amount of the secured party's lien or debt. | No |
| Provisions or findings of fact that bind the estate or all parties-in-interest with respect to the relative priorities of the secured party's lien and liens held by persons who are not parties to the stipulation. (This would include, for example, an order approving a stipulation providing that the secured party's lien is a "first priority" lien.) | No |
| Waivers of 11 U.S.C. § 506(c), unless the waiver is effective only during the period in which the debtor is authorized to use cash collateral or borrow funds. | No |
| Provisions that operate to divest the debtor-in- possession of any discretion in the formulation of a plan or administration of the estate or limit access to the court to seek any relief under other applicable provisions of law. | No |
| Releases of liability for the creditor's alleged pre-petition torts or breaches of contract. | No |
| Waivers of avoidance actions arising under the Bankruptcy Code. | No |

| | |
|---|---|
| Automatic relief from the automatic stay upon default, conversion to chapter 7, or appointment of a trustee. | No |
| Waivers of the procedural requirements for foreclosure mandated under applicable nonbankruptcy law. | No |
| Adequate protection provisions that create liens on claims for relief arising under the Bankruptcy Code (see 11 U.S.C. §§ 506(c), 544, 545 and 547-549). | No |
| Waivers, effective on default or expiration, of the debtor's right to move for a court order pursuant to 11 U.S.C. § 363(c)(2)(B) authorizing the use of cash collateral in the absence of the secured party's consent. | No |
| Findings of fact on matters extraneous to the approval process. (For example, in connection with an application to borrow on a secured basis, a finding that the debtor cannot obtain unsecured credit would be acceptable, whereas a "finding" that the lender acted in good faith in declaring the prepetition loan in default would not be acceptable.) | No |

**VI.**

**COMPLIANCE WITH  RULE 4001(b)**

This motion is brought pursuant to Rule 4001(b) of the Bankruptcy Rules.  In compliance with FRBP 4001(b)(1)(B), the instant Motion sets forth the name of each entity asserting an interest in the cash collateral, the purposes for the use of cash collateral, duration, and an explanation regarding adequate protection for each entity asserting a cash collateral interest.

Pursuant to FRBP 4001(b)(1)(C), the Debtor will serve a copy of the Motion upon (1) any entity with an interest in the cash collateral; (2) the creditors included on the list filed under Rule 1007(d); and (3) all parties requesting special notice; and (4) the Office of the United States Trustee.

**VII.**

**CONCLUSION**

WHEREFORE the Debtor respectfully requests that the Court enter an order:

1.      Granting the Motion.

2.      Authorizing the Debtor to use cash on hand and the revenue received from the Debtor's continuing business operations to pay critical and necessary expenses associated with the Debtor's day to day, ordinary course business operations as outlined in the budget ("Budget") attached to the

17

1               *Declaration of Bette Hiramatsu* ("Hiramatsu Declaration") as **Exhibit**

2               **"1"**, which is incorporated herein by this reference.

         3.     Authorizing the Debtor to make the expenditures provided for in the

Budget and, if necessary, to exceed the amounts set forth in the Budget by

15% of the budget total provided that, if the Debtor's revenues increase

above the projections in Debtor's operating budget, then the Debtor's

expenditures may increase in proportion to the increase in actual revenues

from budgeted revenues.

         4.     Granting Citibank, N.A. ("Citibank"), Wells Fargo Bank ("WFB"), Clay

Lorinksy ("Lorinsky") and the Internal Revenue Service ("IRS",

hereinafter collectively with Citibank, WFB, and Lorinksy referred to as

the "Secured Creditors"), a replacement lien in the Debtor's post-petition

cash and accounts receivable and the proceeds thereof, to the same extent,

validity, and priority of each respective creditor's lien as of the Petition

Date.

Dated: February 21, 2017         WEINTRAUB & SELTH, APC

                        By:     /s/ Elaine V. Nguyen
                               Daniel J. Weintraub
                               James R. Selth
                               Elaine V. Nguyen
                               [Proposed] Attorneys for Debtor and
                               Debtor-In-Possession,
                               RADIOLOGY SUPPORT DEVICES, INC.

### DECLARATION OF BETTE HIRAMATSU

I, Bette Hiramatsu, declare and state as follow:

  1. I am the principal of Hiramatsu & Associates, Inc. ("H&A"), the financial consultant to Radiology Support Devices, Inc. the debtor and debtor in possession herein. Unless otherwise stated, each of the facts contained in this declaration is based on my personal knowledge.

  2. I have been a turnaround and management consultant since 1991. Prior to that, I spent ten years in commercial banking as a Vice President with commercial lending authority.

  3. I have reviewed the Debtor's historical monthly financial statements for 2016 and 2017 and the Debtor's cash receipts and cash disbursements during this time. I have also reviewed the Debtor's books and records as they relate to the Debtor's customer purchase orders, accounts receivables, and inventory.

  4. Attached hereto as **Exhibit 1** are the cash projections I prepared through April 7, 2017. The projections reflect only critical and necessary expenses of the Debtor needed to maintain its operations.

  5. As part of the cash projections, I also prepared a spreadsheet which reflects the Debtor's projected accounts receivables during the budget period, a copy of which is attached hereto as **Exhibit 2**. The Debtor's accounts receivable are projected to increase during the 45 day period, and are based on purchase orders already on hand.

  I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed by me on the 21st day of February, 2017 at _Los Angeles_, California.

              _____
              BETTE HIRAMATSU

## DECLARATION OF MATTHEW ALDERSON

I, Matthew Alderson, hereby declare and state as follows:

4.      I am an individual over the age of eighteen and am the President of Radiology Support Devices, Inc., a California corporation and the debtor and debtor in possession herein ("Debtor" or "RSD"). Each of the facts contained in this declaration is based on my personal knowledge and books and records of the Debtor kept in the ordinary course. If called as a witness, I could and would competently testify thereto.

5.      On February 20, 2017 ("Petition Date"), RSD commenced the instant bankruptcy case ("Case") by filing an emergency petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*  RSD filed this Case in order to restructure its financial affairs and confirm a plan providing for the repayment of the allowed claims of its creditors over time in accordance with the provisions of the Bankruptcy Code.    The Debtor generates enough revenue from its operations to pay creditor claims, but needs the relief and restructuring afforded by the Code in order to do so.

6.      The Debtor requests authority to use cash on hand and the revenue received from the Debtor's continuing business operations to pay critical and necessary expenses associated with the Debtor's day to day, ordinary course business operations as outlined in the budget ("Budget") attached to the Hiramatsu Declaration as **Exhibit 1**, which is incorporated herein by this reference.

7.      The Debtor's accounts receivables are projected to increase from $43,465 to $73,015 during the budget period.  Debtor's accounts receivables have a 90% realization rate as these are long term customers, universities and hospitals.  Attached to the Hiramatsu Declaration as **Exhibit 2** is the projected accounts receivable during the budget period.  Furthermore, the

Debtor's cash balance is expected to increase from $1,400 to $57,383 during this period due to the pre-filing restructuring work completed by the Debtor.

**History and Management of the Debtor**

8.    RSD was incorporated in 1988 by my grandfather Samuel Alderson; the company develops and manufactures human "phantoms" (a medical term for a dummy), which are used to test and calibrate x-ray equipment and to test radiation cancer treatments by measuring the dose that would be delivered to a patient, as determined in a corresponding phantom.  The Alderson RANDO phantom, and its successor the Alderson ART phantom, have become worldwide standards and are used in radiation therapy clinics.

9.    RSD also manufactures the "PIXY", which is virtually an American standard for training radiologic technologists in taking x-rays.  RSD sells its products to university, hospitals, waste management centers, oncology centers, and schools around the world.

10.    Currently, RSD has an office and manufacturing facility in Long Beach.  RSD has 16 employees consisting of myself, an office manager, and 14 production employees.

**Precipitation of Bankruptcy Filing**

11.    In 2005, Samuel Alderson died and left the company in a trust to his sons and grandchildren.  Litigation over ownership of RSD between myself and my uncle ensued over ownership of RSD, which resulted in RSD paying a settlement of $500,000 plus legal fees to my uncle in 2010.

12.    During this time, RSD's longtime controller and CFO Velle Eason very suddenly passed away from Cruetzfeldt-Jacob disease.  RSD hired a new CFO, Drake Turner who stole and embezzled from the company and was negligent and did not provide Wells Fargo with the financial documents requested by the bank, all of which caused significant damage to the company and its operations.

13.     On September 22, 2015, RSD filed a lawsuit against Drake Turner in the Los Angeles Superior Court of California Case No. NCO60292, titled *Radiology Support Devices, Inc. and Matthew Alderson v. Drake Turner* for malpractice, fraud, negligence, and breach of oral and written contract.  The case is currently pending.

14.     Subsequently, in 2016, two employees left RSD and stole proprietary company molds and raw materials and tried to start their own business manufacturing and selling their own phantoms.  The molds, hand tools and raw materials are critical for the manufacturing of the phantoms.  The theft of these items in early 2016 caused such a grave disruption to the business such that in April 2016 sales fell to less than $9,000.  The molds, tools and raw materials were returned to the Debtor in the summer of 2016.  Nevertheless, the impact of this theft caused sales to plummet by $1 million (a 46.7% decrease) from $2.2 million in 2015 to $1.2 million in 2016.

15.     These events caused RSD to fall behind on its debt service to WFB, who in turn commenced collection activities against me and RSD, obtaining a judgment and levying $13,013.69 from RSD's bank accounts.  After RSD was unable to settle with WFB, RSD filed the instant case in order to halt WFB's collection activities, reorganize its financial affairs and provide for creditor claims over time under a plan of reorganization which it expects to file very shortly.

**Use of Cash Collateral And Adequate Protection of Creditors**

16.     Ms. Hiramatsu and I have isolated the critical expenses which need to be paid in the next forty-five (45) days, all of which are specifically detailed in the Budget attached to the Hiramatsu Declaration. These expenses include but are not limited to employee payroll and payroll taxes, rent, utilities, materials, payments to vendors, and equipment leases.  The Budget shows that the Debtor generates positive earnings.  Debtor's cash pool and cash flow is projected to remain stable through Debtor's post-petition operations.

17.     As of the Petition Date, the book value of the Debtor's assets are as follows:

- **Cash on hand**: $1,400

- **Accounts receivable**: $43,465

- **Inventory--Raw Materials**: $20,000

- **Inventory—Finished Goods**: None. All product is made to order

- **Trade Secrets/ Intellectual Property**: unknown.

18.     In March 2016, the Debtor received an offer in the amount of $2,100,000.00 to purchase the company as a going concern.  This offer recently fell through.

19.     Attached hereto as **Exhibit 3** to is a list of the UCC-1 financing statements filed against the Debtor.  The Debtor is in the process of investigating the extent, validity, priority and perfection of the security interests of the Secured Creditors.  Accordingly, the Debtor reserves all rights with respect thereto, and nothing contained herein or in any filing in connection with this Motion should be construed as an admission with respect to the extent, validity, priority and perfection of any creditor's security interest.

20.     The following creditors have a lien on the Debtor's cash:

- **Citibank N.A. ("Citibank")**.  In 2008 Citibank made loans and advances to the Debtor ("Citibank Loan").  As of the Petition Date, the amounts due under the Citibank Loan had an unpaid principal balance of approximately $90,061.25.   Citibank asserts that the amounts due under the Citibank Loan are secured by a perfected blanket lien on all or substantially all the Debtor's assets by the loan documents and a UCC-1 Financing Statement filed on November 5, 2008, as Document No. 08-7177587545.

- **Wells Fargo Bank, N.A.  ("WFB")**.  In 2009, WFB made loans and advances to the Debtor ("WFB Loan").  As of the Petition Date, the amounts due under the WFB Loan had an unpaid principal balance of approximately $323,636.08.  WFB asserts that the amounts due under the WFB Loan are secured by a blanket lien on all or substantially all

the Debtor's assets by the loan documents and a UCC-1 Financing Statement filed on November 20, 2009 as Document No. 09-7214838507.

- **Clay Lorinksy ("Lorinsky")**.  In the fall of 2016, Mr. Lorinksy loaned the Debtor funds for the specific purpose of purchasing inventory and raw materials ("Lorinksy Loan"). As of the Petition Date, the amounts due under the Lorinksy Loan is $50,000.00. Lorinsky asserts the amounts due under the Lorinsky Loan are secured by a UCC-1 Financing Statement filed on December 7, 2016 as Document No. 16-7560050949.

- **Internal Revenue Service ("IRS")**.  On April 22, 2016, the IRS filed a "Notice of Federal Tax Lien against the Debtor for unpaid taxes in the amount of $35,774.79.

21.     Without authorization to use cash collateral, the Debtor has no other source of income with which pay the operating expenses and will be forced to cease operations and shut down.  All of the Budget expenses are necessary to preserve the going-concern value of the business for the benefit of the estate and the estate's creditors.

22.     Here, emergency use of cash collateral is necessary to prevent immediate and irreparable harm to the Debtor, the estate and its creditors.  Absent such use, the Debtor will have no funds from which to conduct its operations, and will be forced to permanently discontinue its business to the detriment of all its creditors.

23.     Any disruption in the Debtor's business operations will affect the Debtor's ability to sell its product and very likely damage the Debtor's reputation and ability to generate the revenue needed to pay creditor claims.

24.     Furthermore, if the Debtor is unable to pay vendors and payroll, the Debtor's employees will most likely leave the company and find work elsewhere.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed by me on the ____ day of February 20, 2017 at_____, California.

_____

MATTHEW ALDERSON

# EXHIBIT 1

**RADIOLOGY SUPPORT DEVICES, INC.**
**CASH FLOW PROJECTIONS FOR THE 6.6 WEEK PERIOD**
**2/22/17 - 4/7/17**

| | 3 Days | Week 2 | Week 3 | Week 4 | Week 5 | Week 6 | Week 7 | 6.6 Weeks |
|---|---|---|---|---|---|---|---|---|
| **Week Beginning** | 2/22/2017 | 2/27/2017 | 3/6/2017 | 3/13/2017 | 3/20/2017 | 3/27/2017 | 4/3/2017 | 2/22/16 - 4/7/17 |
| | | | | | | | | |
| **Cash Receipts** | | | | | | | | |
| A/R Collections | 65,508 | 25,541 | 43,269 | 12,120 | 37,980 | 8,112 | 10,900 | 203,430 |
| Other Cash Receipts | | | | | | | | - |
| Total Cash Receipts | 65,508 | 25,541 | 43,269 | 12,120 | 37,980 | 8,112 | 10,900 | 203,430 |
| | | | | | | | | |
| **Cash Disbursements** | | | | | | | | |
| Product Purchases | | 9,075 | 1,700 | 1,700 | 1,700 | 1,700 | 7,700 | 23,575 |
| Shipping Expense/Supplies | | 872 | 436 | 436 | 436 | 436 | 436 | 3,052 |
| Payroll - Production | | 5,466 | 9,110 | 9,110 | 9,110 | 9,110 | 9,110 | 51,016 |
| Payroll Taxes (All Payroll) | | 1,957 | 1,398 | 1,398 | 1,398 | 1,398 | 1,398 | 8,946 |
| Production Contractor | | | 750 | | | 1,000 | | 1,750 |
| | | | | | | | | |
| Bank & Finance Charges | | 150 | | | | 150 | | 300 |
| Dues & Subscriptions | | | | | | | | - |
| Financial Advisory (Hiramatsu & Assoc) | | | | | | | | - |
| Insurance- General Liability | | | | | 635 | | | 635 |
| Insurance- Workers' Compensation | | | | | | | 5,635 | 5,635 |
| Insurance- Auto | | 150 | | | 150 | | | 300 |
| Insurance- Health | | | | 537 | | | 537 | 1,074 |
| Interest | | | | | | | | - |
| IT Expenses - Software & Licenses | | | | | | | | - |
| Meals & Entertainment | | | | | | | | - |
| Office Supplies | | | | | | | | - |
| Outside Services (Bookkeeper) | | 240 | 240 | 240 | 240 | 240 | 240 | 1,440 |
| Payroll - Executive | | 1,731 | 2,885 | 2,885 | 2,885 | 2,885 | 2,885 | 16,154 |
| Payroll - Office | | 428 | 713 | 713 | 713 | 713 | 713 | 3,992 |
| Payroll Processing | | 35 | 35 | 35 | 35 | 35 | 35 | 210 |
| Permits and Licenses | | | | | | | | - |
| Postage | | | | | | | | - |
| Professional Fees - CPA | | | | | | | | - |
| Professional Fees-Legal (WS&N) | | | | | | | | - |
| Professional Fees-Legal (General) | | | | | | | | - |
| Rent | | | 12,527 | | | | 12,527 | 25,054 |
| Rubbish Removal | | | | 145 | | | | 145 |
| Telephone (Land Line) | | | | | 500 | | | 500 |
| Telephone (Mobile) | | 275 | | | 275 | | | 550 |
| Travel | | | | | | | | - |
| Utilities (Water/Power) | | | 1,000 | | | | 1,000 | 2,000 |
| Utilities (Gas) | | | | 160 | | | | 160 |
| Vehicle Expense | | 480 | | | | 480 | | 960 |
| Citibank - Payment | | | | | | | | - |
| Wells Fargo - Payment | | | | | | | | - |
| Total Cash Disbursements | - | 20,858 | 30,793 | 17,358 | 18,076 | 18,146 | 42,215 | 147,447 |
| | | | | | | | | |
| | | | | | | | | |
| **Net Cash Flow** | 65,508 | 4,683 | 12,475 | (5,238) | 19,903 | (10,034) | (31,315) | 55,983 |
| **Beginning Bank Balance** | 1,400 | 66,908 | 71,591 | 84,067 | 78,829 | 98,732 | 88,698 | 1,400 |
| **Ending Bank Balance** | 66,908 | 71,591 | 84,067 | 78,829 | 98,732 | 88,698 | 57,383 | 57,383 |

**RADIOLOGY SUPPORT DEVICES, INC.**
**PROJECTED DAILY DISBURSEMENTS**
**FOR THE 6.6 WEEK PERIOD OF 2/22/17 - 4/07/17**

| Purpose | Vendor | WEEK 1 | | | WEEK 2 | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | Wed. 2/22/2017 | Thurs. 2/23/2017 | Fri. 2/24/2017 | Mon. 2/27/2017 | Tues. 2/28/2017 | Wed. 3/1/2017 | Thurs. 3/2/2017 | Fri. 3/3/2017 |
| Raw Material Purchases | Various | | | | | | | 2,000 | 1,400 |
| Raw Material Purchases | PTM & W | | | | | | 5,675 | | |
| Raw Material Purchases | Eckert & Zeigler | | | | | | | | |
| Shipping Expenses/Supplies | Various | | | | | | | 450 | 422 |
| Payroll - Production | Production Employees (14) | | | | | | | | 5,466 |
| Payroll Taxes (All Payroll) | IRS and EDD | | | | | | 1,118 | | 839 |
| Production Contractor (Physicist) | Jay Fan, PhD | | | | | | | | |
| Bank & Finance Charges | Citibank | | | | | 150 | | | |
| Financial Advisory | Hiramatsu & Associates | | | | | | | | |
| Insurance- General Liability | Liberty Mutual | | | | | | | | |
| Insurance- Workers' Compensation | The Hartford | | | | | | | | |
| Insurance- Auto | Allstate Insurance | | | | | | | 150 | |
| Insurance- Health | Blue Shield | | | | | | | | |
| Interest | | | | | | | | | |
| Outside Services (Bookkeeper) | Ann Webster | | | | | | | | 240 |
| Payroll - Executive | Matthew Alderson | | | | | | | | 1,731 |
| Payroll - Office | Employee (1) | | | | | | | | 428 |
| Payroll Processing | ADP | | | | | | | | 35 |
| Professional Fees - CPA | | | | | | | | | |
| Professional Fees-Legal | Weintraub, Selth & Nguyen | | | | | | | | |
| Professional Fees-Legal (General) | | | | | | | | | |
| Rent | Wilmington Associates | | | | | | | | |
| Rubbish Removal | Waste Management | | | | | | | | |
| Telephone (Land Line) | Birch Communications | | | | | | | | |
| Telephone (Mobile) | Verizon | | | | | | 275 | | |
| Utilities (Water/Power) | So California Edison | | | | | | | | |
| Utilities (Gas) | So California Gas | | | | | | | | |
| Vehicle Expense | CarMax | | | | | | 480 | | |
| Citibank - Payment | Citibank | | | | | | | | |
| Wells Fargo - Payment | Wells Fargo Bank | | | | | | | | |
| **TOTAL PER DAY** | | - | - | - | - | 150 | 7,548 | 2,600 | 10,560 |
| **TOTAL PER WEEK** | | | | | - | | | | 20,858 |

RADIOLOGY SUPPORT DEVICES, INC.
PROJECTED DAILY DISBURSEMENTS
**FOR THE 6.6 WEEK PERIOD OF 2/22/17 - 4/07/17**

| Purpose | Vendor | WEEK 3 | | | | | WEEK 4 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Mon. 3/6/2017 | Tues. 3/7/2017 | Wed. 3/8/2017 | Thurs. 3/9/2017 | Fri. 3/10/2017 | Mon. 3/13/2017 | Tues. 3/14/2017 | Wed. 3/15/2017 | Thurs. 3/16/2017 | Fri. 3/17/2017 |
| Raw Material Purchases | Various | | 1,000 | | | 700 | | 1,000 | | | 700 |
| Raw Material Purchases | PTM & W | | | | | | | | | | |
| Raw Material Purchases | Eckert & Zeigler | | | | | | | | | | |
| Shipping Expenses/Supplies | Various | | 225 | | | 211 | | 225 | | | 211 |
| Payroll - Production | Production Employees (14) | | | | | 9,110 | | | | | 9,110 |
| Payroll Taxes (All Payroll) | IRS and EDD | | | | | 1,398 | | | | | 1,398 |
| Production Contractor (Physicist) | Jay Fan, PhD | | | | 750 | | | | | | |
| Bank & Finance Charges | Citibank | | | | | | | | | | |
| Financial Advisory | Hiramatsu & Associates | | | | | | | | | | |
| Insurance- General Liability | Liberty Mutual | | | | | | | | | | |
| Insurance- Workers' Compensation | The Hartford | | | | | | | | | | |
| Insurance- Auto | Allstate Insurance | | | | | | | | | | |
| Insurance- Health | Blue Shield | | | | | | 537 | | | | |
| Interest | | | | | | | | | | | |
| Outside Services (Bookkeeper) | Ann Webster | | | | | 240 | | | | | 240 |
| Payroll - Executive | Matthew Alderson | | | | | 2,885 | | | | | 2,885 |
| Payroll - Office | Employee (1) | | | | | 713 | | | | | 713 |
| Payroll Processing | ADP | | | | | 35 | | | | | 35 |
| Professional Fees - CPA | | | | | | | | | | | |
| Professional Fees-Legal | Weintraub, Selth & Nguyen | | | | | | | | | | |
| Professional Fees-Legal (General) | | | | | | | | | | | |
| Rent | Wilmington Associates | 12,527 | | | | | | | | | |
| Rubbish Removal | Waste Management | | | | | | 145 | | | | |
| Telephone (Land Line) | Birch Communications | | | | | | | | | | |
| Telephone (Mobile) | Verizon | | | | | | | | | | |
| Utilities (Water/Power) | So California Edison | | | 1,000 | | | | | | | |
| Utilities (Gas) | So California Gas | | | | | | 160 | | | | |
| Vehicle Expense | CarMax | | | | | | | | | | |
| Citibank - Payment | Citibank | | | | | | | | | | |
| Wells Fargo - Payment | Wells Fargo Bank | | | | | | | | | | |
| | **TOTAL PER DAY** | 12,527 | 1,225 | 1,000 | 750 | 15,292 | 842 | 1,225 | - | - | 15,292 |
| | **TOTAL PER WEEK** | | | | | 30,794 | | | | | 17,359 |

**RADIOLOGY SUPPORT DEVICES, INC.**
**PROJECTED DAILY DISBURSEMENTS**
**FOR THE 6.6 WEEK PERIOD OF 2/22/17 - 4/07/17**

| Purpose | Vendor | WEEK 5 | | | | | WEEK 6 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Mon. 3/20/2017 | Tues. 3/21/2017 | Wed. 3/22/2017 | Thurs. 3/23/2017 | Fri. 3/24/2017 | Mon. 3/27/2017 | Tues. 3/28/2017 | Wed. 3/29/2017 | Thurs. 3/30/2017 | Fri. 3/31/2017 |
| Raw Material Purchases | Various | | 1,000 | | | 700 | | 1,000 | | | 700 |
| Raw Material Purchases | PTM & W | | | | | | | | | | |
| Raw Material Purchases | Eckert & Zeigler | | | | | | | | | | |
| Shipping Expenses/Supplies | Various | | 225 | | | 211 | | 225 | | | 211 |
| Payroll - Production | Production Employees (14) | | | | | 9,110 | | | | | 9,110 |
| Payroll Taxes (All Payroll) | IRS and EDD | | | | | 1,398 | | | | | 1,398 |
| Production Contractor (Physicist) | Jay Fan, PhD | | | | | | | | 1,000 | | |
| Bank & Finance Charges | Citibank | | | | | | | | | | 150 |
| Financial Advisory | Hiramatsu & Associates | | | | | | | | | | |
| Insurance- General Liability | Liberty Mutual | 635 | | | | | | | | | |
| Insurance- Workers' Compensation | The Hartford | | | | | | | | | | |
| Insurance- Auto | Allstate Insurance | | | 150 | | | | | | | |
| Insurance- Health | Blue Shield | | | | | | | | | | |
| Interest | | | | | | | | | | | |
| Outside Services (Bookkeeper) | Ann Webster | | | | | 240 | | | | | 240 |
| Payroll - Executive | Matthew Alderson | | | | | 2,885 | | | | | 2,885 |
| Payroll - Office | Employee (1) | | | | | 713 | | | | | 713 |
| Payroll Processing | ADP | | | | | 35 | | | | | 35 |
| Professional Fees - CPA | | | | | | | | | | | |
| Professional Fees-Legal | Weintraub, Selth & Nguyen | | | | | | | | | | |
| Professional Fees-Legal (General) | | | | | | | | | | | |
| Rent | Wilmington Associates | | | | | | | | | | |
| Rubbish Removal | Waste Management | | | | | | | | | | |
| Telephone (Land Line) | Birch Communications | | | 500 | | | | | | | |
| Telephone (Mobile) | Verizon | | | 275 | | | | | | | |
| Utilities (Water/Power) | So California Edison | | | | | | | | | | |
| Utilities (Gas) | So California Gas | | | | | | | | | | |
| Vehicle Expense | CarMax | | | | | | 480 | | | | |
| Citibank - Payment | Citibank | | | | | | | | | | |
| Wells Fargo - Payment | Wells Fargo Bank | | | | | | | | | | |
| **TOTAL PER DAY** | | 635 | 1,225 | 925 | - | 15,292 | 480 | 1,225 | 1,000 | - | 15,442 |
| **TOTAL PER WEEK** | | | | | | 18,077 | | | | | 18,147 |

**RADIOLOGY SUPPORT DEVICES, INC.**
**PROJECTED DAILY DISBURSEMENTS**
**FOR THE 6.6 WEEK PERIOD OF 2/22/17 - 4/07/17**

| Purpose | Vendor | Mon. 4/3/2017 | Tues. 4/4/2017 | Wed. 4/5/2017 | Thurs. 4/6/2017 | Fri. 4/7/2017 | TOTAL 6.6 Weeks 2/22 - 4/7/17 |
|---|---|---|---|---|---|---|---|
| | | | | WEEK 7 | | | TOTAL |
| Raw Material Purchases | Various | | 1,000 | | | 700 | 11,900 |
| Raw Material Purchases | PTM & W | | | | | | |
| Raw Material Purchases | Eckert & Zeigler | | | 6,000 | | | 6,000 |
| Shipping Expenses/Supplies | Various | | 225 | | | 211 | 3,052 |
| Payroll - Production | Production Employees (14) | | | | | 9,110 | 51,016 |
| Payroll Taxes (All Payroll) | IRS and EDD | | | | | 1,398 | 8,946 |
| Production Contractor (Physicist) | Jay Fan, PhD | | | | | | 1,750 |
| Bank & Finance Charges | Citibank | | | | | | 300 |
| Financial Advisory | Hiramatsu & Associates | | | | | | - |
| Insurance- General Liability | Liberty Mutual | | | | | | 635 |
| Insurance- Workers' Compensation | The Hartford | 5,635 | | | | | 5,635 |
| Insurance- Auto | Allstate Insurance | | | | | | 300 |
| Insurance- Health | Blue Shield | | | | | 537 | 1,074 |
| Interest | | | | | | | - |
| Outside Services (Bookkeeper) | Ann Webster | | | | | 240 | 1,440 |
| Payroll - Executive | Matthew Alderson | | | | | 2,885 | 16,156 |
| Payroll - Office | Employee (1) | | | | | 713 | 3,993 |
| Payroll Processing | ADP | | | | | 35 | 210 |
| Professional Fees - CPA | | | | | | | - |
| Professional Fees-Legal | Weintraub, Selth & Nguyen | | | | | | - |
| Professional Fees-Legal (General) | | | | | | | - |
| Rent | Wilmington Associates | | | | | 12,527 | 25,054 |
| Rubbish Removal | Waste Management | | | | | | 145 |
| Telephone (Land Line) | Birch Communications | | | | | | 500 |
| Telephone (Mobile) | Verizon | | | | | | 550 |
| Utilities (Water/Power) | So California Edison | | | | | 1,000 | 2,000 |
| Utilities (Gas) | So California Gas | | | | | | 160 |
| Vehicle Expense | CarMax | | | | | | 960 |
| Citibank - Payment | Citibank | | | | | | - |
| Wells Fargo - Payment | Wells Fargo Bank | | | | | | - |
| | **TOTAL PER DAY** | 5,635 | 1,225 | 6,000 | - | 29,356 | 147,451 |
| | **TOTAL PER WEEK** | | | | | 42,216 | 147,451 |

# EXHIBIT 2

**RADIOLOGY SUPPORT DEVICES, INC.**

**CASH FLOW PROJECTIONS FOR THE 6.6 WEEK PERIOD**

**2/22/17 - 4/7/17**

| Week Beginning | 3 Days 2/22/2017 | Week 2 2/27/2017 | Week 3 3/6/2017 | Week 4 3/13/2017 | Week 5 3/20/2017 | Week 6 3/27/2017 | Week 7 4/3/2017 | 6.6 Weeks 2/22/16 - 4/7/17 |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNTS RECEIVABLES** | | | | | | | | |
| Beginning Account Receivables | 43,465 | 59,519 | 36,096 | 40,991 | 69,425 | 37,024 | 53,913 | 43,465 |
| Credit Sales | 81,562 | 2,118 | 48,164 | 40,555 | 5,578 | 25,001 | 30,002 | 232,980 |
| Less: Collections | (65,508) | (25,541) | (43,269) | (12,120) | (37,980) | (8,112) | (10,900) | (203,430) |
| **Ending Account Receivables** | **59,519** | **36,096** | **40,991** | **69,425** | **37,024** | **53,913** | **73,015** | **73,015** |

# EXHIBIT 3

# INFORMATION REQUEST

FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT [optional]<br>UCC Administrator 916-564-7800 | FILING OFFICE ACCT# |
|---|---|

B. E-MAIL CONTACT AT FILER (optional)

| C. RETURN TO: (Name and Address)<br>CLAS INFORMATION SERVICES<br>2020 HURLEY WAY STE 350<br>SACRAMENTO, CA 95825<br>USA | **DOCUMENT NUMBER:** 59265470003<br>**ORDER DATE:** 01/18/2017 16:41<br><br>**IMAGE GENERATED ELECTRONICALLY FOR WEB ORDER**<br>**THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY** |
|---|---|

1. DEBTOR'S NAME to be searched: Provide only one Debtor name (1a or 1b) (use exact, full name, do not omit, modify, or abbreviate any part of the Debtor's name)

| OR | 1a. ORGANIZATION NAME<br>RADIOLOGY SUPPORT DEVICES, INC. | | | |
|---|---|---|---|---|
| | 1b. INDIVIDUAL SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

2. INFORMATION OPTIONS relating to UCC filings and other notices filed in filing office that include a Debtor the name identified in item 1

☑ For 2a and 2b, mark this box to request a search that is **COMPLETE** to include lapsed and unlapsed filings. UNLESS MARKED, SEARCH MAY BE INCOMPLETE.

2a. ☐ SEARCH RESPONSE with copies of ALL records found.       ☐ Please CERTIFY all copies **(additional $5.00 fee per record).**

2b. ☑ SEARCH RESPONSE only.

2c. ☐ COPIES ONLY. Please complete the information below, as appropriate. For UCC3 records, include the type of UCC3 and corresponding filing date.

| File Number | # of Copies | # of Certified Copies<br>(Add'l Fee Applies) | File Date<br>(Use for UCC3 Only) | Filing Type-Financing<br>Statement,<br>Cont.,Term.,Assign.,Amend. |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

3. CALIFORNIA SECRETARY OF STATE'S OFFICE offers these additional searching options:

3a. ☐ SEARCH TO REFLECT - Please run the search after the filing document accompanying this request has been filed.

3b. ☐ DEBTOR SEARCH LIMITED TO THE FOLLOWING ADDRESS: _____

3c. ☐ DEBTOR SEARCH LIMITED FROM THIS DATE: _____

3d. ☐ SECURED PARTY LISTING: Insert only one name (organization or individual)

| OR | ORGANIZATION NAME | | | |
|---|---|---|---|---|
| | INDIVIDUAL SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | CITY | STATE | COUNTRY | |

**FILING OFFICE COPY**



**SECRETARY OF STATE**
**STATE OF CALIFORNIA**

### Search Certificate

SEARCH REQUESTED ON:                                                              01/18/2017

Organization Debtor:   **RADIOLOGY SUPPORT DEVICES, INC.**

Address:  **NOT SPECIFIED**
Date Range From:  **NOT SPECIFIED**
Search:  **ALL**

### * Indicates Filings that have been accepted after the Certification Date.

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **08-7177587545** | **Financing Statement** | **11/05/2008** | **10:53** | **11/05/2018** | **1** |

**Debtor:**
**Organization:**   RADIOLOGY SUPPORT DEVICES, INC.
                    1904 EAST DOMINGUEZ STREET, LONG BEACH CA USA, 90810
**Secured Party:**
**Organization:**   CITIBANK, N.A.
                    3950 REGENT BLVD. S2B-240, IRVING TX USA, 75063

| Amendment Filing # | Filing Type | File Date | File Time | | # of Pages |
|---|---|---|---|---|---|
| **13-73696883** | **Continuation** | **07/16/2013** | **15:02** | | **1** |

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **09-7214838507** | **Financing Statement** | **11/20/2009** | **06:46** | **11/20/2019** | **1** |

**Debtor:**
**Organization:**   RADIOLOGY SUPPORT DEVICES, INC.
                    1904 E. DOMINGUEZ ST., LONG BEACH CA USA, 90810
**Secured Party:**
**Organization:**   WELLS FARGO BANK, NATIONAL ASSOCIATION
                    1455 W. LAKE STREET STE. 306, MINNEAPOLIS MN USA, 55408

| Amendment Filing # | Filing Type | File Date | File Time | | # of Pages |
|---|---|---|---|---|---|
| **14-74132778** | **Continuation** | **05/27/2014** | **10:12** | | **1** |

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| 09-7215340637 | **Financing Statement** | 11/25/2009 | 11:07 | 11/25/2019 | 2 |

**Debtor:**
Organization:

RADIOLOGY SUPPORT DEVICES, INC.
1904 E DOMINGUEZ, LONG BEACH CA USA, 90810

**Secured Party:**
Organization:

WELLS FARGO BANK, N.A.
PO BOX 8203, BOISE ID USA, 83707-2203

| Amendment Filing # | Filing Type | File Date | File Time | | # of Pages |
|---|---|---|---|---|---|
| 14-74157432 | **Continuation** | 06/13/2014 | 09:54 | | 1 |

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| 14-7434646059 | **State Tax Lien** | 10/30/2014 | 17:00 | 10/30/2024 | 1 |

**Debtor:**
Organization:

RADIOLOGY SUPPORT DEVICES, INC.
1904 E DOMINGUEZ ST, DOMINGUEZ CA USA, 90810 1002

**Secured Party:**
Organization:

EMPLOYMENT DEVELOPMENT DEPARTMENT
PO BOX 826880, SACRAMENTO CA US, 94280

| Amendment Filing # | Filing Type | File Date | File Time | | # of Pages |
|---|---|---|---|---|---|
| 15-74471409 | **Termination** | 01/26/2015 | 17:00 | | 1 |

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| 15-7446221092 | **Federal Tax Lien** | 01/20/2015 | 17:00 | 02/19/2025 | 1 |

**Debtor:**
Organization:

RADIOLOGY SUPPORT DEVICES INC A CORPORATION
1904 E DOMINGUEZ ST, LONG BEACH CA USA, 90810 1002

**Secured Party:**
Organization:

IRS/OHIO
P.O. BOX 145595, CINCINNATI OH US, 45250 5595

| Amendment Filing # | Filing Type | File Date | File Time | | # of Pages |
|---|---|---|---|---|---|
| 15-74920764 | **Termination** | 10/23/2015 | 17:00 | | 1 |

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **16-7523377405** | **Federal Tax Lien** | **04/22/2016** | **17:00** | **05/22/2026** | **1** |

**Debtor:**

**Organization:**   RADIOLOGY SUPPORT DEVICES INC A CORPORATION
1904 E DOMINGUEZ ST, LONG BEACH CA USA, 90810 1002

**Secured Party:**

**Organization:**   IRS/OHIO
P.O. BOX 145595, CINCINNATI OH US, 45250 5595

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **16-7530881342** | **Judgement Lien** | **06/13/2016** | **17:00** | **06/13/2021** | **2** |

**Debtor:**

**Individual:**   ALDERSON MATTHEW
1904 DOMINGUEZ STREET, LONG BEACH CA USA, 90810

**Organization:**   RADIOLOGY SUPPORT DEVICES, INC., A CALIFORNIA CORPORATION

1904 DOMINGUEZ STREET, LONG BEACH CA USA, 90810

**Secured Party:**

**Organization:**   WELLS FARGO BANK, NATIONAL ASSOCIATION C/O HEMAR, ROUSSO
& HEALD, LLP
15910 VENTURA BLVD., 12TH FLOOR, ENCINO CA USA, 91436 2829

| Original Filing # | Filing Type | File Date | File Time | Lapse Date | # of Pages |
|---|---|---|---|---|---|
| **16-7560050949** | **Financing Statement** | **12/07/2016** | **16:04** | **12/07/2021** | **2** |

**Debtor:**

**Organization:**   RADIOLOGY SUPPORT DEVICES, INC.
1904 E. DOMINGUEZ, LONG BEACH CA USA, 90810

**Secured Party:**

**Individual:**   LORINSKY CLAY
2000 NORTH FORK RD., STE. 161392, BIG SKY MT USA, 59716

**Total Pages:        16**

The undersigned Filing Officer hereby certifies that the above listing is a record of all presently active financing statements, tax liens, attachment liens and judgement liens, including any change documents relating to them, which name the above debtor, subject to any above-stated search qualifiers and are on file in my office as of  **01/04/2017 at 1700 hours**.

The search results herein reflect only the specific information requested. The results of this Debtor search will not reflect variances of this name. If the Debtor is known under other personal names, trade names, business entities, or addresses, separate searches of these names will have to be requested and conducted. The Secretary of State, his officers and agents disclaim any and all liability for claims resulting from other filings on which the name of the Debtor can be found in any other form than which was requested.

Alex Padilla
Secretary of State

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Diligenz
(800)858-5294

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
DILIGENZ INC
6500 HARBOR HEIGHTS PKWY STE 400
MUKILTEO, WA 98275
USA

DOCUMENT NUMBER: 18998340002
FILING NUMBER: 08-7177587545
FILING DATE: 11/05/2008 10:53
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| | | | |
|---|---|---|---|
| **1a. ORGANIZATION'S NAME** Radiology Support Devices, Inc. | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1904 East Dominguez Street | Long Beach | CA | 90810 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION Corporation | 1f. JURISDICTION OF ORGANIZATION CA | 1g. ORGANIZATIONAL ID#, if any C1630210 ☐ NONE |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| | | | |
|---|---|---|---|
| **2a. ORGANIZATION'S NAME** | | | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any ☐ NONE |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| | | | |
|---|---|---|---|
| **3a. ORGANIZATION'S NAME** Citibank, N.A. | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 3950 Regent Blvd. S2B-240 | Irving | TX | 75063 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All personal property of every kind and nature, including, without limitation, all accounts (including healthcare insurance receivables), goods (including inventory, equipment, fixtures and any accessions thereto and embedded software), chattel paper (whether electronic, tangible or intangible), documents, instruments (including promissory notes), general intangibles, letter of credit rights (whether or not the letter of credit is evidenced by a writing), supporting obligations, commercial tort claims, investment property (including securities), money, deposit accounts and other contract rights or rights to the payment of money; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and accounts proceeds).

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

| ☐ 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
|---|---|

**8. OPTIONAL FILER REFERENCE DATA**
8885 [38128200]

FILING OFFICE COPY

# UCC FINANCING STATEMENT AMENDMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Gisella Melendez
800-331-3282

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
CT LIEN SOLUTIONS
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 38587530002
FILING NUMBER: 13-73696883
FILING DATE: 07/16/2013 15:02
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be |
|---|---|
| 08-7177587545 | filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination.

**3.** ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

| ☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c |
|---|---|---|

**6. CURRENT RECORD INFORMATION:**

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 7d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID#, if any ☐ NONE |
|---|---|---|---|---|
| | | | | |

**8. AMENDMENT (COLLATERAL CHANGE): check only one box.**
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this amendment.

| | a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | Citibank, N.A. | | | |
| OR | b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

**10. OPTIONAL FILER REFERENCE DATA**
CA-0-38984774-47607367

**FILING OFFICE COPY**

# UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

UCC DIRECT SERVICES
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 23028650002
FILING NUMBER: 09-7214838507
FILING DATE: 11/20/2009 06:46
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| RADIOLOGY SUPPORT DEVICES, INC. | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1904 E. DOMINGUEZ ST. | LONG BEACH | CA | 90810 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | Corporation | CA | C1630210 ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wells Fargo Bank, National Association | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1455 W. LAKE STREET STE. 306 | MINNEAPOLIS | MN | 55408 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All Inventory, Accounts, Equipment, General Intangibles, Chattel Paper; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds)

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable]**

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]** [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

CA-0-39882011-SBA 2N

FILING OFFICE COPY

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Gisella Melendez
800-331-3282

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

CT LIEN SOLUTIONS
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 43183090002
FILING NUMBER: 14-74132778
FILING DATE: 05/27/2014 10:12
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be |
|---|---|
| 09-7214638507 | filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination.

**3.** ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 7d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO # | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID#, if any ☐ NONE |
|---|---|---|---|---|
| | | | | |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this amendment.

| a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR Wells Fargo Bank, National Association | | | |
| b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

**10. OPTIONAL FILER REFERENCE DATA**
CA-0-43438047-48608002

FILING OFFICE COPY

## UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

| A. NAME & PHONE OF CONTACT AT FILER [optional] |
|---|

| B. SEND ACKNOWLEDGMENT TO: (Name and Address) |
|---|
| UCC DIRECT SERVICES<br>2727 ALLEN PARKWAY<br>HOUSTON, TX 77019<br>USA |

DOCUMENT NUMBER: 23083300002
FILING NUMBER: 09-7215340637
FILING DATE: 11/25/2009 11:07
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| | 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | RADIOLOGY SUPPORT DEVICES, INC. | | | | |
| | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| | | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1904 E DOMINGUEZ | LONG BEACH | CA | 90810 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | CA | C1630210  □NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| | 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | | | | | |
| | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| | | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | □NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| | 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | Wells Fargo Bank, N.A. | | | |
| | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO Box 8203 | Boise | ID | 83707-2203 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All accounts (including health care insurance receivables), deposit accounts, contract rights, chattel paper, (whether electronic or tangible), commercial tort claims, instruments, promissory notes, investment property, general intangibles (including payment intangibles and software), letter of credit rights, letters of credit, and other rights to payment of every kind now existing or at any time hereafter arising. All inventory, including all goods held for sale or lease or to be furnished under contracts for service, or goods so leased or furnished, raw materials, component parts, work in process and other materials used or consumed in Grantor's business, now or at any time hereafter owned or acquired by Grantor, wherever located, and all products thereof, whether in the possession of Grantor, any warehousemen, any bailee or any other person, or in process of delivery, and whether located at Grantor's places of business or elsewhere. All equipment, goods, tools, machinery, furnishings, furniture and other equipment and fixtures of every kind now existing or hereafter acquired, and all improvements, replacements, accessions and additions thereto and embedded

**5. ALT DESIGNATION:** [ ] LESSEE/LESSOR [ ] CONSIGNEE/CONSIGNOR [ ] BAILEE/BAILOR [ ] SELLER/BUYER [ ] AG. LIEN [ ] NON-UCC FILING

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] [ ] All Debtors [ ] Debtor 1 [ ] Debtor 2 |
|---|---|

**8. OPTIONAL FILER REFERENCE DATA**

CA-0-40070091-SBA 02

**FILING OFFICE COPY**

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

| 9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT | | |
|---|---|---|
| 9a. ORGANIZATION'S NAME | | |
| RADIOLOGY SUPPORT DEVICES, INC. | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME, SUFFIX |

**10. MISCELLANEOUS:**

DOCUMENT NUMBER: 23083300002
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

| 11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names | | | | |
|---|---|---|---|---|
| 11a. ORGANIZATION'S NAME | | | | |
| OR 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 11c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 11d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID#, if any ☐ NONE |

| 12. ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b) | | | | |
|---|---|---|---|---|
| 12a. ORGANIZATION'S NAME | | | | |
| OR 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing. | **16. Additional collateral description:** |
|---|---|
| **14. Description of real estate:** | software included therein, whether located on any property owned or leased by Grantor or elsewhere, including without limitation, any of the foregoing now or at any time hereafter located at or installed on the land or in the improvements at any of the real property owned or leased by Grantor, and all such goods after they have been severed and removed from any of said real property. |
| **15. Name and address of RECORD OWNER of above-described real estate (if Debtor does not have a record interest):** | **17. Check only if applicable and check only one box.** Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate |
| | **18. Check only if applicable and check only one box.** ☐ Debtor is a TRANSMITTING UTILITY ☐ Filed in connection with a Manufactured-Home Transaction - effective 30 years ☐ Filed in connection with a Public-Finance Transaction - effective 30 years |

FILING OFFICE COPY

## UCC FINANCING STATEMENT AMENDMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Gisella Melendez
800-331-3282

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
CT LIEN SOLUTIONS
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 43461720002
FILING NUMBER: 14-74157432
FILING DATE: 06/13/2014 09:54
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
09-7215340637

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination.

**3.** ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.

☐ DELETE name: Give record name to be deleted in item 6a or 6b.

☐ ADD name: Complete item 7a or 7b, and also item 7c

**6. CURRENT RECORD INFORMATION:**

**6a. ORGANIZATION'S NAME**

OR **6b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX

**7. CHANGED (NEW) OR ADDED INFORMATION:**

**7a. ORGANIZATION'S NAME**

OR **7b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX

**7c. MAILING ADDRESS** | CITY | STATE | POSTAL CODE | COUNTRY

**7d. SEE INSTRUCTIONS** | ADD'L DEBTOR INFO | **7e. TYPE OF ORGANIZATION** | **7f. JURISDICTION OF ORGANIZATION** | **7g. ORGANIZATIONAL ID#, if any** ☐ NONE

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this amendment.

**a. ORGANIZATION'S NAME**
Wells Fargo Bank, N.A.

OR **b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX

**10. OPTIONAL FILER REFERENCE DATA**
CA-0-43694000-48683194

**FILING OFFICE COPY**

Recording Requested By Internal Revenue
Service. When recorded mail to:

INTERNAL REVENUE SERVICE
PO BOX 145595, STOP 8420G
CINCINNATI, OH  45250-5585

**16-7523377405**

**04/22/2016 17:00**



**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS



54897740020   UCC 1 FILING

For Optional Use by Recording Office

| Form 668 (Y)(c)<br>(Rev. February 2004) | 6788  Department of the Treasury - Internal Revenue Service<br>**Notice of Federal Tax Lien** |
|---|---|

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #7<br>Lien Unit Phone: (800) 913-6050 | Serial Number<br>    208436916 |
|---|---|

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

Name of Taxpayer  RADIOLOGY SUPPORT DEVICES INC
                  a Corporation

Residence       1904 E DOMINGUEZ ST
                LONG BEACH, CA 90810-1002

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1120 | 12/31/2014 | XX-XXX4609 | 10/05/2015 | 11/04/2025 | 35774.79 |

| Place of Filing |  |  |  |
|---|---|---|---|
| | SECRETARY OF STATE<br>CALIFORNIA<br>SACRAMENTO, CA 94235 | Total $ | 35774.79 |

This notice was prepared and signed at _____ OAKLAND, CA _____ , on this,
the ____13th__ day of __April__ , 2016.

| Signature    *Cheryl Cordero*<br>for A. MUHAMMUD | Title<br>REVENUE OFFICER<br>(562) 491-7720 | 27-08-4630 |
|---|---|---|

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Form **668(Y)(c)** (Rev. 2-2004)


**ORIGINAL**

**NOTICE OF JUDGMENT LIEN**
FOLLOW INSTRUCTIONS CAREFULLY (front and back of form)

A. NAME & PHONE OF FILER'S CONTACT (optional)
PAMELA L. COX/STATE BAR NO. 191883/(818) 501-3800

B. SEND ACKNOWLEDGMENT TO: (NAME AND ADDRESS)
PAMELA L. COX
HEMAR, ROUSSO & HEALD, LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436-2829

**16-7530881342**

 **06/13/2016 17:00**



**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

55679710002   UCC 1 FILING

THIS SPACE FOR FILING OFFICE USE ONLY

**1. JUDGMENT DEBTOR'S EXACT LEGAL NAME - Insert only one name, either 1a or 1b. Do not abbreviate or combine names.**

1a. ORGANIZATION'S NAME
RADIOLOGY SUPPORT DEVICES, INC., a California corporation

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1904 Dominguez Street | Long Beach | CA | 90810 | USA |

**2. JUDGMENT CREDITOR'S NAME - Do not abbreviate or combine names.**

2a. ORGANIZATION'S NAME
WELLS FARGO BANK, National Association c/o HEMAR, ROUSSO & HEALD, LLP

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 15910 Ventura Blvd., 12th Floor | Encino | CA | 91436-2829 | USA |

**3. ALL PROPERTY SUBJECT TO ENFORCEMENT OF A MONEY JUDGMENT AGAINST THE JUDGMENT DEBTOR TO WHICH A JUDGMENT LIEN ON PERSONAL PROPERTY MAY ATTACH UNDER SECTION 697.530 OF THE CODE OF CIVIL PROCEDURE IS SUBJECT TO THIS JUDGMENT LIEN.**

A. Title of court where judgment was entered: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, SOUTH DISTRICT, LONG BEACH COURTHOUSE

B. Title of the action: WELLS FARGO BANK, National Association, vs. RADIOLOGY SUPPORT DEVICES, INC., et al.

C. Number of this action: NC059396

D. Date judgment was entered: June 7, 2016

E. Date of subsequent renewals of judgment (if any):

F. Amount required to satisfy judgment at date of this notice: $ 437,729.81

G. Date of this notice: June 13, 2016

**4.** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

SIGNATURE - SEE INSTRUCTION NO. 4
PAMELA L. COX, Attorney for Plaintiff,
WELLS FARGO BANK, National Association c/o HEMAR, ROUSSO & HEMAR, LLP

FOR: Plaintiff

Dated: June 13, 2016
(If not indicated, use same as date in item 3G.)

## JUDGMENT LIEN ADDENDUM
FOLLOW INSTRUCTIONS CAREFULLY (FRONT AND BACK OF FORM)

**55679710002**

**5.  NAME OF JUDGMENT DEBTOR:** (NAME OF FIRST DEBTOR ON RELATED JUDGMENT LIEN)

| 5a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| WELLS FARGO BANK, National Association | | | |
| 5b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

**6.  ADDITIONAL JUDGMENT DEBTOR - insert only one name (6a or 6b):**

| 6a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| ALDERSON | MATTHEW | | | |
| 6c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 1904 Dominguez Street | Long Beach | CA | 90810 | USA |

**7.  ADDITIONAL JUDGMENT DEBTOR - insert only one name (7a or 7b):**

| 7a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

**8.  ADDITIONAL JUDGMENT DEBTOR - insert only one name (8a or 8b):**

| 8a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 8b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |
| 8c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

**9.  ADDITIONAL JUDGMENT CREDITOR - insert only one name (9a or 9b):**

| 9a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |
| 9c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

**10.  ADDITIONAL JUDGMENT CREDITOR - insert only one name (10a or 10b):**

| 10a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 10b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |
| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**

**B. E-MAIL CONTACT AT FILER (optional)**

Return To:

**CLAS**
WORLDWIDE INFORMATION SERVICES
www.clasinfo.com
2020 Hurley Way, Suite 350
Sacramento, CA 95825
Tel: 916.564.7800 / 800.952.5696
Fax: 916.564.7900

account number ____4312____  BN/AS

**16-7560050949**

**12/07/2016 16:04**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

58628170002   UCC 1 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| RADIOLOGY SUPPORT DEVICES, INC. | | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 1904 E. Dominguez | Los Angeles | CA | 90810 | | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| LORINSKY | CLAY | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 2000 North Fork Rd., Ste. 161392 | Big Sky | MT | 59716 | | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:

"Collateral" means all of Debtor's right, title and interest in, to and under, the following, whether now owned or later acquired, including all of the following property and interests in property of Debtor, whether now owned or existing or hereafter created, acquired or arising and wheresoever located (the "Collateral"):

The Raw Materials purchased by Debtor with funds advanced by Secured Party including, without limitation, the Raw Materials specifically identified in Exhibit "A" and any additional Raw Materials which Debtor purchases with loan funds provided by Creditor which Raw Materials may be purchased in the future and all proceeds of such Raw Materials (including insurance proceeds), products, profits or replacements of and additions and accessions to all of the foregoing described properties and interest in those properties.

| 5. Check only if applicable and check only one box: Collateral is | ☐ held in a Trust (see UCC1Ad, item 17 and instructions) | ☐ being administered by a Decedent's Personal Representative | | |
|---|---|---|---|---|
| 6a. Check only if applicable and check only one box | | | 6b. Check only if applicable and check only one box | |
| ☐ Public-Finance Transaction | ☐ Manufactured-Home Transaction | ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien | ☐ Non-UCC Filing |
| 7. ALTERNATIVE DESIGNATION (if applicable): | ☐ Lessee/Lessor | ☐ Consignee/Consignor | ☐ Seller/Buyer | ☐ Bailee/Bailor | ☐ Licensee/Licensor |
| 8. OPTIONAL FILER REFERENCE DATA: | | | | |

# EXHIBIT A

58628170002

| No. | Qty Ordered | Qty Received | Description |
|-----|-------------|--------------|-------------|
| 1 | 1 | | Pail Kit- 5 Gallon NB26-21-1A A/B 40# |
| 2 | | | |
| 3 | 1 | | Drum Kit- PT7290A  A/B |
| 4 | | | |
| 5 | 2 | | Drum Kit NB25-12-2 A/B |
| 6 | | | |
| 7 | 2 | | 5 Gallon Pail PA0828 Mold Release |
| 8 | | | |
| 9 | | | |
| 10 | | | |